APRIL 9, 1945

**No. 50112.**—Protest 73278–K of Jacob H. Brodsky & Son, Inc. Plaintiff's application for rehearing granted, as follows:

Cole, Judge: Plaintiff has filed a motion for rehearing in the above-entitled case, which was dismissed as untimely, *Jacob H. Brodsky & Son, Inc.* v. *United States*, Abstract 49711, the disposition being made pursuant to a motion by defendant based upon the premise that the protest was filed against "a demand made in Philadelphia for payment of an additional sum of money," and "not against the liquidation of the merchandise at bar"—a shipment of wool on skins entered conditionally free of duty at the port of New York under paragraph 1101 (b), Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. 1940 ed. § 1001, par. 1101 (b)), as wool on the skin intended for use in the manufacture of carpets. The collector accepted the entry as tendered and liquidation was made on June 24, 1940 (collective exhibit 10).

The "demand" referred to in defendant's motion to dismiss is the following letter addressed to plaintiff by the collector of customs at Philadelphia under date of April 11, 1941, after the wool had been pulled from the skins:

Reference is made to New York transfer certificate No. 18772 covering 1,494 bundles of carpet wool on the skin, weighing 13,946 pounds at 60 percent yield or 8,368 pounds clean content, which wool was transferred to you by Rietmann-Pilcer Co., New York, as provided for in article 509 of the Customs Regulations of 1937, as amended in T. D. 49658, and supported by a single entry bond, customs Form 7547, in the penal sum of $8,800.

From evidence furnished by you it appears that out of the 8,368 pounds of clean wool for which you accepted responsibility only 7,782 pounds of grease wool were transferred by you to E. S. Parkhurst and Co., Inc.

Samples of the wool so transferred, furnished by you, were submitted to the appraiser at Philadelphia for report of clean content * * *.

In view of the fact that there is a discrepancy between the quantity transferred to you by Rietmann-Pilcer Co., and the quantity retransferred by you to E. S. Parkhurst and Co., demand is hereby made for the sum of $581.68 representing duty on 22¢ per pound on the quantity of wool unaccounted for by you.

At the trial of the case defendant virtually rendered the collector's assessment untenable by conceding, as correct, the amount of wool in grease accounted for and delivered by plaintiff and the quantity of clean content reported by the customs officials in Philadelphia, but pressed the jurisdictional question raised in the motion to dismiss, which, as hereinabove stated, was granted.

In its motion for rehearing, plaintiff claims that the action against which the protest is directed "determined the dutiable status of the wool," and is a decision of the collector within the purview of the statute, section 514, Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1514), through which valid protest may lodge. That contention is fully supported in defendant's memorandum which, in part, reads as follows:

It is now the government's view that protest lies under section 514 against a decision of the collector as to the rate and amount of duty chargeable upon the portion of wool claimed to have been diverted by the transferee. The sum thus ascertained is computed as a duty and the liability for its payment by the transferee is determined by the provisions of paragraph 1101 (b) and the terms of the bond furnished by the transferee.

* * *. The decision of the collector resulted from a change in the status of part of the wool and constituted a determination made after liquidation that duty at a specified rate and in a specified amount was due on the difference claimed to exist between the amount of clean wool imported and the amount accounted for by the transferee after scouring.

Defendant's attitude, as reflected in the above quotation, materially differs from that assumed when the case was first presented. The effect of defendant's present position is to render the protest timely—it was filed within 60 days from the date of the collector's determination of duty—and thus permits favorable action on what we characterized in our opinion as a "meritorious claim of plaintiff—conceded by defendant but defeated only under a severe technicality."

The motion for rehearing is therefore granted.